Alton W. BROWNELL, Plaintiff—Appellant,

v.

SALT RIVER PIMA–MARICOPA INDIAN COMMUNITY/PHOENIX CEMENT CO. DIVISION; Lee Gorby; James Moore, husband; Val Moore, wife, aka: Jane Doe Moore; James Wells, husband; Jane Doe Wells, wife, Defendants—Appellees.

No. 04–15982.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Dec. 14, 2005.

Robert L. Earle, Esq., Earle & Associates, Sedona, AZ, for Plaintiff–Appellant.

Rebecca Winterscheidt, Esq., James Kyle Mackie, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Defendants–Appellees.

Before TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Alton Brownell appeals the district court's grant of summary judgment in favor of Salt River Pima–Maricopa Indian Community/Phoenix Cement Division ("Phoenix Cement") in Brownell's suit for failure to promote and constructive discharge under the Age Discrimination in Employment Act and the Arizona Civil Rights Act. For the reasons stated below, we affirm.

With respect to Brownell's failure to promote claim, Brownell failed to produce evidence of pretext under the third prong of the *McDonnell Douglas* standard. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Brownell's own evidence, in the form of the deposition testimony of Cliff Ayres, shows that prior to the time of the promotion decision there were problems between Lee Gorby and Brownell regarding Brownell's job performance. Therefore, Brownell failed to raise a genuine issue of material fact suggesting that Phoenix Cement's proffered reasons for not promoting him—problems with his job performance and lack of people skills—were unworthy of credence. *See Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1437–38 (9th Cir.1990) (finding no evidence of pretext because the employee's evidence was not inconsistent with the reasons proffered by the employer).

Brownell's constructive discharge claim also fails as a matter of law. Brownell was subject to losing only the extra $0.50 per hour he was making in his position as acting supervisor, and Brownell admitted that Jim Moore encouraged him to remain with the company. These undisputed facts establish that Brownell's decision to resign was not motivated by any action by his employer, but rather by his own belief of what could possibly happen in the future. Therefore, Brownell's working conditions "were not so intolerable and discriminatory that a reasonable person would feel forced to resign." *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1412 (9th Cir.1996).

The district court properly granted summary judgment to Phoenix Cement on both of Brownell's claims. The judgment of the district court is

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.